UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN KERBS and HOLLY KERBS, husband and wife,<br><br>                Plaintiff,<br><br>      v.<br><br>MADISON COUNTY, IDAHO and the MADISON COUNTY SHERIFF'S DEPARTMENT, a political subdivision of Madison County, Idaho,<br><br>                Defendants. | Case No. 4:12-CV-00178-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Defendants' Motion for

Summary Judgment (Dkt. 14) and Motion to Strike (Dkt. 20). Having fully reviewed the

record, the Court finds that the facts and legal arguments are adequately presented in the

briefs and record. Accordingly, in the interest of avoiding further delay, and because the

Court conclusively finds that the decisional process would not be significantly aided by

oral argument, this matter shall be decided on the record before this Court without oral

argument.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiffs Nathan Kerbs and Holly Kerbs sued Madison County and the Madison County Sheriff's Department alleging Madison County violated Nathan Kerbs' substantive due process right when his employment was terminated in an arbitrary and capricious manner. Plaintiffs also allege state law claims against Madison County for breach of contract, negligent infliction of emotional distress and negligent training and supervision. Holly Kerbs claims she suffered from "mental anguish and a loss of companionship, society and comfort" with her husband as result of each cause of action.

Mr. Kerbs began working for the Madison County Sheriff's Department on February 5, 2007. Mr. Kerbs was provided a copy of the Madison County Personnel Policy ("MMPP"). (Aff. of Troy Evans, Dkt. 14-4, Ex. A). The MMPP states it is not a contract and the manual cannot create a contract for employment unless there is a contract signed in accordance with proper procedures and contains the name of the employee who would be benefitted by the contract. *Id.* Mr. Kerbs admits he read the MMPP. Mr. Kerbs did not produce a written contract of employment during discovery.

Mr. Kerbs satisfactorily completed his one year probationary period and Madison County Sheriff Roy Klingler testified that after one year, it is his understanding an employee can only be terminated for cause.

The MMPP provides for employee discipline procedures and principles which includes suspension with or without pay and dismissal. The discipline procedures also

provide for the right to an appeal hearing. (Dkt. 14-4, Ex. A, pp. 22-23). The MMPP also

provides for voluntary resignations if made in writing. *(Id.* at p.24).

On August 7, 2010, Mr. Kerbs was involved in an incident in Jefferson County,

Idaho. Mr. Kerbs was off duty and had been drinking. Mr. Kerbs' father was involved in

an altercation which Mr. Kerbs did not witness, but law enforcement was called to the

scene. Mr. Kerbs was interviewed by the investigating officers of the Rigby Police

Department and identified himself as a Madison County detective. It is undisputed from

the audio and video evidence of the incident as wells as Mr. Kerbs' deposition testimony

that Mr. Kerbs made some derogatory remarks about the Rigby Police Department, used

vulgar language and stated the Rigby Police Chief was corrupt. The investigating officers

appeared to accuse Mr. Kerbs of lying. It is also undisputed that Mr. Kerbs was not

charged with any unlawful conduct and was allowed to leave the scene of the incident

after he had been interviewed. Mr. Kerbs' father was cited for his role in the altercation.

Mr. Kerbs' supervisor, Captain Travis Williams, was informed of the incident by

someone from the Rigby Police Department. Captain Williams discussed the matter with

Chief Deputy Ryan Kaufman who instructed Captain Williams to compile reports and

evidence related to the incident. Captain Williams compiled the information and wrote a

memorandum on August 23, 2010 finding that Mr. Kerbs had not witnessed the

altercation and had not lied to investigating officers implying there was no malfeasance

on the part of Mr. Kerbs. (Aff. of Travis Williams, Dkt. 17, Ex. B). Williams

recommended Mr. Kerbs be counseled about being a bar patron and when it is appropriate

**MEMORANDUM DECISION AND ORDER - 3**

to identify himself as a police officer as his actions off duty represent the Madison County Sheriff's Office. *Id.* The memorandum does not discuss any derogatory statements about the Rigby Police Department or the Rigby Chief of Police. Chief Deputy Kaufman and Sheriff Klingler did not agree with all the conclusions in Williams' August 23, 2010 memo.

On August 26, 2010, Mr. Kerbs received a Personal and Confidential memorandum from Sheriff Klingler notifying him that he was suspended with pay pending an investigation relating to conduct unbecoming an officer, off-duty police action, use of alcohol and drugs and MMPP Rules of Employee Conduct Section A and A. 8.[1] (Aff. of Blake Hall, Dkt. 14-5, including excerpts of Kerbs' deposition and deposition exhibit 4 which is the memo and related policy sections). The memo indicates if the investigation indicated personnel action was warranted Mr. Kerbs would be given an opportunity to present a response prior to a final decision being made. *Id.* Finally, the

---

[1]Rules of Employee Conduct
A. Personal Performance and Behavior
      Each employee of Madison County is expected to conduct him or herself in a manner which does not reflect adversely upon Madison County. Each employee must recognize that public employees are subject to additional public scrutiny in their public and personal lives because the public's business requires the utmost integrity and care. In order to accomplish the goals of Madison County as a public institution, each employee is expected to scrupulously avoid personal behaviors which would bring unfavorable public impression of Madison County and its officials. In order to accomplish this, each employee:
      . . .
      8. Shall not engage in conduct away from work which, although not criminal, may reflect adversely upon Madison County or its officials.

memorandum indicates if Mr. Kerbs did not accept the suspension with pay, but preferred to resign, such resignation needed to be in writing. *Id.*

On August 31, 2010, Mr. Kerbs was provided with Sheriff Klingler's memo which gave notice of termination as the proposed personnel action. (*Id.*, Kerbs' deposition exhibit 5). The memo indicates Sheriff Klingler reviewed and relied upon all the video, audio and police reports related to the incident. *Id.* The memo also references the sections of the policies the Sheriff believes were violated. *Id.* The memo provided a time frame for Mr. Kerbs to submit a response. *Id.*

Plaintiff requested a hearing and a hearing was set for September 7, 2010. Present at the hearing were Sheriff Klingler, Chief Deputy Kaufman and Madison County Prosecuting Attorney Troy Evans. Plaintiff was represented by counsel at the hearing. Plaintiff was given the option to present evidence but did not. Following the hearing, Plaintiff's counsel requested Mr. Kerbs be given the opportunity to resign in the event the Sheriff found the allegations warranted termination of Mr. Kerb's employment.

On September 27, 2010, Troy Evans sent a letter to Mr. Kerbs' counsel informing Mr. Kerbs that the Sheriff intended to make his final written decision on September 29, 2010 so if he wanted to resign, it needed to be received by September 28, 2010. (Dkt. 14-4, p.34). The letter did not indicate what the Sheriff's final decision would be. *Id.*

Before Sheriff Klingler entered his written decision, Mr. Kerbs provided the Sheriff with a Notice of Resignation effective October 1, 2010. (Dkt. 14-5, Kerbs' Deposition Exhibit 6). Sheriff Klingler accepted the resignation by letter to Mr. Kerbs on

**MEMORANDUM DECISION AND ORDER - 5**

September 29, 2010. (*Id.*, Exhibit 7). No final written decision was entered by Sheriff Klingler regarding the proposed termination.

Mr. Kerbs' claims he has been unable to find new law enforcement employment. However, there is no evidence in the record that any employee of Madison County publicly disclosed the confidential personnel proceedings involving Mr. Kerbs to any third party. Mr. Kerbs' claims in his affidavit he applied for work with St. Anthony's and was told they had heard what happened and could not hire him. Defendants object to this statement as being hearsay and argue that portion of the affidavit should be stricken.

Mr. Kerbs claims his substantive due process rights were violated as the Madison County Sheriff's Office Policy Manuel on Personnel Complaint Procedures, Section 1020, was not complied with as no investigation was completed. Sheriff Klingler states in his affidavit the Section 1020.1 of the Madison County Sheriff's Office Policy Manual is not applicable to the current situation as it is the policy used for complaints from the public about an officer's conduct, not a supervisor's investigation of conduct pursuant to the MMPP. (Aff. of Roy Klingler, Dkt. 19-1). There was no complaint filed against Mr. Kerbs by a member of the public. Alternatively, the Sheriff maintains an investigation was completed and the MMPP does not require an employee be interviewed prior to personnel discipline occurring.

Mr. Kerbs claims he was not given the report from the investigation, only the memo of proposed action. Madison County responds evidence relied on by the Sheriff was identified and the nature of the charges were set forth in the August 31, 2010 memo.

**MEMORANDUM DECISION AND ORDER - 6**

It is unclear from the record whether or not Mr. Kerbs requested a copy of the audio, video and police reports of the August 7, 2010 incident. It is undisputed that Mr. Kerbs was given the chance to file a response and/or present evidence at the hearing, but chose not to do so.

## STANDARD OF REVIEW

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *See id*. at 248.

The moving party is entitled to summary judgment if that party shows that each issue of material fact is not or cannot be disputed. To show the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the materials cited do not establish the presence of a genuine dispute, or that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)&(B); *see T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 322). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences which can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(e)(3) authorizes the Court to grant summary judgment for the moving party "if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." The existence of a scintilla of evidence

in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

## ANALYSIS

### 1. Motion by Defendants to Strike Certain Portions of Affidavits

The Court has reviewed the motion to strike filed by Defendants. The Court finds the contested portions of affidavits are not relevant to the motion for summary judgment. While the contested statements are speculative and based on hearsay, the contested portions of the affidavits of Captain Williams and Mr. Kerbs do not establish that any employee of Madison County took action to publicly disclose personnel proceedings or that any Madison County employee told a potential employer Mr. Kerbs was terminated. The evidence before this Court for purposes of the summary judgment motion is undisputed that Mr. Kerbs' personnel file reflects he resigned from Madison County Sheriff's Office. The Court has determined it need not consider the contested portions of the affidavits of Captain Williams and Mr. Kerbs in resolving the pending motion for summary judgment, so the motion to strike will be deemed denied as moot.

### 2. Defendant Madison County Sheriff Department

Plaintiffs attempt to name the Madison County Sheriff's Department as a defendant. Federal courts look to state law to determine the issue of whether a department or municipality may sue or be sued. Fed. R. Civ. P. 17(b)93); *Streit v. County*

**MEMORANDUM DECISION AND ORDER - 9**

*of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). Under CA law, city and county police departments can be sued, but there is no Idaho law that allows a plaintiff to sue anything other than a "political subdivision" for a tort and the sheriff's department is not a "political subdivision" as that term is defined under Idaho law. *See* Idaho Code § 6-902. Clearly, Madison County can be sued or sue. *See* Idaho Code § 31-604. Therefore, the Court will dismiss as an improper party the Madison County Sheriff's Department or Office and allow Plaintiffs to proceed only against Madison County.

**3. Defendant Madison County**

Local governmental entities are immune from direct claims under § 1983 unless plaintiff can show that the alleged constitutional violation arises from an official policy or regulation adopted by the entity. *See Monnell v. Dep't Social Services of the City of New York*, 436 U.S. 658, 690 (1978). Stated another way, in order to hold a municipality liable Mr. Kerbs must show evidence "that a constitutional deprivation was directly caused by a municipal policy." *Nadell v. Las Vegas Metro. Police Dept.*, 268 F.3d 924, 929 (9th Cir. 2001) (citations omitted). The Defendants have appropriately pointed to a lack of such evidence.

The Supreme Court has held that no principle "authorizes the award of damages against a municipal corporation when […] the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). This rule applies regardless of what the municipality's policies actually are. *Id*. Because the Court concludes no

MEMORANDUM DECISION AND ORDER - 10

constitutional injury was suffered by Mr. Kerbs, Madison County cannot be liable for damages under § 1983 for its policies or customs.

4**. Count 1 Violation of 42 U.S.C. 1983**

Plaintiffs allege Madison County violated their civil rights when Mr. Kerbs' substantive due process rights were violated. Madison County argues procedural due process was followed and Mr. Kerbs does not have a substantive due process right to continued employment.

Congress has created a cause of action against private individuals who, while acting under color of law, violate the constitutional rights of private citizens. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, […] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivations of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.

*Id.* In order for plaintiffs to prevail on a § 1983 claim they must show that (1) the actor that deprived them of their rights acted under color of law and (2) the action actually deprived them of a constitutional right.

In this case, the first requirement is not disputed by the parties as to a claim by Mr. Kerbs. Madison County's Sheriff initiated personnel action regarding Mr. Kerbs. Therefore, the question becomes did the customs and policies of Madison County as implemented by Sheriff Klingler deprive Mr. Kerbs of a constitutional right.

**MEMORANDUM DECISION AND ORDER - 11**

As to Mrs. Kerbs, she does not have standing to make a § 1983 claim based on her status as Mr. Kerbs' wife as she has not alleged that a state actor deprived her of a constitutional right. Mrs. Kerbs' § 1983 claim is summarily dismissed.

Procedural due process requires the government to give notice and an opportunity to be heard before a person is deprived of life, liberty or a property. Substantive due process prohibits the government from infringing on fundamental constitutional liberties. The facts are undisputed that Mr. Kerbs was given notice of the basis for the proposed personnel action (conduct unbecoming an officer, off-duty police action, use of alcohol and drugs and MMPP Rules of Employee Conduct Section A and A. 8) and an opportunity to provide a response and request a hearing. Mr. Kerbs requested a hearing and chose not to put on any evidence in response to the findings of violations of the cited policies. Mr. Kerbs voluntarily resigned prior to a final decision being rendered by the Sheriff. Accordingly, Mr. Kerbs has not shown the Madison County's policies or customs violated Mr. Kerb's procedural due process rights.

Rather, Mr. Kerbs claims he has a protected occupational liberty interest that was violated by arbitrary and capricious action by the Sheriff. The Court will assume Mr. Kerbs has cited a "custom" by Madison County which creates such a liberty interest for purposes of this motion. While there was no employment contract and the MMPP does not create a contract, the Sheriff's testimony indicated that Mr. Kerbs could only be removed for cause after one year of employment. Viewing this statement in a light most favorable to Plaintiff and without making a legal determination as to whether Mr. Kerbs

**MEMORANDUM DECISION AND ORDER - 12**

was an "at-will" employee, the Court finds the liberty interest claimed has not been violated as a matter of law and no reasonable jury could find that such a right was violated.

The Due Process Clause does indeed protect a plaintiff's liberty interest in pursuing a career of their choice. *See Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972) (holding that the Due Process Clause protects the right to "engage in the common occupations of life"). A person "only has a constitutionally protected property interest in continued employment ... if he has a reasonable expectation or a 'legitimate claim of entitlement' to it, rather than a mere 'unilateral expectation.' " *Brady*, 859 F.2d at 1547-48 (*citing Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

"An individual has a liberty interest in employment protected by the Due Process Clause if the dismissal is 'for reasons that might seriously damage his standing in the community,' . . . or if the dismissal effectively precludes future work in the individual's chosen profession. . . ." *Merritt v. Mackey*, 827 F.2d 1368, 1373 (9th Cir. 1987). One deprived of such a liberty interest must show "1) the accuracy of the charge is contested; 2) there is some public disclosure of the charge; and 3) the charge is made in connection with termination of employment." *Matthews v. Harney County Or., School Dist. No. 4*, 819 F.3d 889, 892 (9th Cir. 1987).

Here, there is no evidence Madison County deprived Mr. Kerbs of the claimed liberty interest. First, the accuracy of the behavior that the Sheriff deemed in violation of written policies on August 10, 2007 has not been contested by Mr. Kerbs. Second, there

**MEMORANDUM DECISION AND ORDER - 13**

is no evidence of public disclosure of the personnel proceedings or of Mr. Kerbs'

resignation by Madison County. Third, there was no termination of employment. For

these reasons, Mr. Kerbs has not created a genuine issue of material fact that would allow

this claim to proceed.

The Supreme Court made clear in *Board of Regents v. Roth*, the government

violates this liberty interest only when it "foreclose[s the person's] freedom to take

advantage of other employment opportunities," for instance by barring him or her from

"all other public employment." *Id.* at 573–74. In this case there is simply no admissible

evidence presented by Plaintiff that Madison County took any steps to bar Mr. Kerbs

from other public employment with other law enforcement agencies. Further, Mr. Kerbs

testified in his deposition that he talked about his situation with others. Madison County

cannot control what, if anything, the Rigby Police Officers that responded to the incident

may have disclosed to others. The fact that word of the incident was known by others

does not make Madison County liable.

Moreover, there is no evidence of the "blacklisting" of Plaintiff and no indication

Madison County published or represented to third parties Mr. Kerbs was terminated from

employment. The cases cited by Plaintiff are simply not on point. *See e.g., Engquist v.*

*Oregon Dep't of Agric.*, 478 F.3d 985, 997-98 (9th Cir. 2007) *aff'd sub nom. Engquist v.*

*Oregon Dep't of Agric.*, 553 U.S. 591 (2008).

The Court also finds Plaintiff's argument that there is a substantive due process property interest that was violated by an alleged "arbitrary" taking of Plaintiff's property is not a valid claim under the facts of this case. First, there is no such recognized right in the Ninth Circuit and the facts of this case do not support such a right being created based on the law of other circuits. Second, the record is undisputed that Mr. Kerbs acted in a manner that could be interpreted to be in violation of certain County policies even though he personally does not think his actions were in violation of any policy. Mr. Kerbs does not contest that he was drunk in public, he made disparaging comments about the Rigby Police Department and its Chief, and his conduct could be deemed by others as conduct unbecoming for an officer or employee of Madison County. Therefore, Mr. Kerbs' claim the proposed action to terminate (which was never final) was arbitrary or capricious is unfounded. Plaintiff elected not to present any evidence or make a written response or testify at his hearing. The audio and video evidence reviewed by the Sheriff as well as the related police reports would support that any decision to terminate would not have been arbitrary or capricious and no reasonable juror could find otherwise.

Additionally, the Court cannot ignore the fact there was no final decision rendered so no property interest was "taken" by Madison County. Plaintiff resigned prior to any alleged property interest being taken. The Court finds no evidence Plaintiff was forced to resign since no decision to terminate had been made by the Sheriff. While it is true the proposed action was to terminate, Mr. Kerbs could have responded to the proposed action

with evidence or the testimony of witnesses and chose not to do so. These elections by

Mr. Kerb do not create a constitutional violation by Madison County.

To the extent Mr. Kerbs is arguing the Sheriff failed to follow the Madison County

Sheriff's Office Policy Manual Section 1020, the Court notes Plaintiffs failed to name the

Sheriff as a defendant in his official capacity. Mr. Kerbs has failed to rebut that section

1020 applies to public complaints about an officer, not personnel proceedings which are

governed by the MMPP. As discussed earlier, there is no genuine issue of material fact

that due process requirements of the MMPP are constitutional and were complied with

based on the written memos sent by the Sheriff and the hearing that was held.

The Court finds no genuine issues of material fact exist to prevent the granting of

summary judgment on this claim. Mr. Kerbs has failed to carry his burden that a policy or

custom of Madison County led to a violation of his substantive due process rights.

Absent such a showing, the federal claims against the County must be dismissed as a

matter of law.

### 4. State Law Claims

Plaintiffs allege three state law claims: breach of contract, negligent supervision

and training, and intentional and/or negligent infliction of emotional distress. The Court

notes the record is void of any written contract between Mr. Kerbs or Mrs. Kerbs and the

County. Based on the dismissal of the federal claims, it is prudent to consider whether the

Court should continue to exercise jurisdiction over these claims. *Acri v. Varian*

*Associates*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).  Where, as here, the Court has

determined prior to trial that all federal claims shall be dismissed, "the balance of factors .

. . will point toward declining to exercise jurisdiction over the remaining state-law

claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350  n. 7 (1988)).

Thus, in accordance with the direction provided by the case law, and consistent with the

factors set forth in 28 U.S.C. § 1367(c), the Court declines to exercise its discretion to

hear the state law claims and will dismiss such claims without prejudice to the Plaintiffs'

right to refile them in state court.


## CONCLUSION

The Court finds the relevant facts are not disputed in this case and summary

judgment should be granted in Defendants' favor on the federal claims. As a matter of

law and viewing the facts in a light most favorable to Plaintiffs, Plaintiffs have failed to

establish a genuine issue of material fact exists regarding whether  "a constitutional

deprivation was directly caused by a municipal policy." *Nadell v. Las Vegas Metro.

Police Dept.*, 268 F.3d 924, 929 (9th Cir. 2001) (citations omitted). Having dismissed the

federal claims, the Court declines to exercise jurisdiction over the state law claims.

# ORDER

**IT IS ORDERED:**

1.  Defendants' Motion for Summary Judgment (Dkt. 14) is GRANTED as to

    all federal claims and such federal claims against Defendants are

    DISMISSED IN THEIR ENTIRETY.  The Court DISMISSES WITHOUT

    PREJUDICE the state law claims of Plaintiffs.

2.  Defendants' Motion to Strike (Dkt. 20) is DENIED AS MOOT.


DATED:  **March 5, 2014**

Honorable Edward J. Lodge
U. S. District Judge