UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN KERBS and HOLLY KERBS,<br><br>     Plaintiffs,<br><br>v.<br><br>MADISON COUNTY, a political subdivision of the State of Idaho, and MADISON COUNTY SHERIFF'S DEPARTMENT, a political subdivision of Madison County, Idaho,<br><br>     Defendants. | Case No. 4:12-cv-00178-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

  Before the Court is the Motion for Attorney's Fees, (Dkt. 27), filed by Defendants Madison County and Madison County Sheriff's Department (Madison County). Plaintiffs Nathan Kerbs (Kerbs) and his wife, Holly, oppose an award of attorney fees, arguing there was a legal and factual basis for all of their claims. (Dkt. 32.) United States District Judge Edward J. Lodge has referred this matter to the undersigned for a report and recommendation. For reasons explained below, the Court will recommend that Madison County's motion for attorney fees be denied.

## BACKGROUND

  Nathan and Holly Kerbs filed this lawsuit against Madison County, alleging Madison County violated Nathan Kerbs's substantive due process rights by terminating

**REPORT AND RECOMMENDATION-1**

his employment in an arbitrary and capricious manner. They also alleged state law claims against Madison County for breach of contract, negligent infliction of emotional distress and negligent training and supervision. In addition, Holly Kerbs claimed damages for "mental anguish and a loss of companionship, society and comfort" she suffered as result of Madison County's conduct.

Kerbs resigned his employment with the Madison County Sheriff's Department following an August 7, 2010 incident, which occurred while Kerbs was off duty. His father was involved in an altercation that Kerbs did not witness, but law enforcement was called to the scene. When Rigby Police Officers interviewed Kerbs about the altercation, Kerbs, who had been drinking, identified himself as a Madison County detective and then made derogatory remarks about the Rigby Police Department, used vulgar language, and stated the Rigby Police Chief was corrupt.

After learning of this incident, Chief Deputy Ryan Kaufman directed Kerbs's supervisor, Captain Travis Williams, to compile reports and evidence related to the incident. Following his investigation, Williams prepared a memorandum that implied there was no malfeasance on the part of Kerbs and recommended Kerbs be counseled about being a bar patron and when it is appropriate to identify himself as a police officer, given his actions off duty represent the Sheriff's Department. According to Williams, his memorandum was a "preliminary assessment" that did not meet the Madison County Sherriff's Department Office policy manual requirements for investigations into employee misconduct. (*Id*. ¶¶ 23-27.) In particular, Williams opined the investigation

procedures were not followed because Kerbs was not interviewed before Williams prepared his memorandum.

Disagreeing with Willaims's recommendations, Sheriff Klingler suspended Kerbs from his employment with pay, pending an investigation into various violations of the Department's Rules of Employee Conduct. On August 31, 2010, Kerbs received a memorandum from Sheriff Klingler, which gave notice of termination of Kerbs's employment as the proposed personnel action. Klingler's memo referenced the evidence he reviewed and relied upon, the policies he believed were violated, and gave Kerbs an opportunity to submit a response. Kerbs requested and was provided a hearing. At the September 7, 2010 hearing, Kerbs, who was represented by counsel, did not present evidence despite the opportunity to do so.

On September 27, 2010, Troy Evans sent a letter to Kerbs's counsel informing him that the Sheriff intended to make his final written decision on September 29, 2010, so, if Kerbs wanted to resign, his resignation needed to be received by September 28, 2010. The letter did not indicate what the Sheriff's final decision would be. Before Sheriff Klingler entered a final decision, Kerbs provided the Klingler with a Notice of Resignation effective October 1, 2010. Following his resignation, Kerbs applied for other law enforcement positions but was repeatedly turned down by prospective employers.

In his lawsuit against Madison County, Kerbs asserted a cause of action under 42 U.S.C. § 1983 for violations of his substantive due process rights, as well as various state-law causes of action. Holly Kerbs stated the same state and federal claims. Madison County moved for summary judgment on May 31, 2013. (Dkt. 14.) Kerbs and his wife

**REPORT AND RECOMMENDATION-3**

opposed summary judgment, arguing they had viable claims and had established genuine issues of material facts relating to those claims. (Dkt. 15.) On March 5, 2014, the Court granted Defendants' motion for summary judgment dismissing the § 1983 claims in their entirety and dismissing all of the state law claims without prejudice. (Dkt. 26.)

In particular, the Court found Holly Kerbs did not have standing to assert a § 1983 claim. Further, the Court found Madison County did not deprive Kerbs of a constitutionally protected liberty interest because there was no evidence that the County disclosed information or otherwise acted to effectively preclude Kerbs from working in his chosen profession. In addition, the Court found no deprivation of a protected property interest because Kerbs resigned before Sheriff Klingler took final action and because Kerbs did not present evidence that he was forced to resign.

On March 12, 2014, Defendants moved for attorney's fees, claiming Plaintiffs' action was "unreasonable, meritless, and without foundation." (Dkt. 27-1 at 2.) Plaintiffs oppose this motion, arguing that their claims were not frivolous and had a basis in law and fact. (Dkt. 32.) Upon review, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(e).

## LEGAL STANDARDS

A prevailing defendant in a § 1983 action may be awarded attorney fees under 42 U.S.C. § 1988(b). Section 1988(b) provides: "[i]n any action or proceeding to enforce a

**REPORT AND RECOMMENDATION-4**

provision of section … 1983… the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs." However, a "prevailing civil rights defendant should be awarded attorney's fees 'not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.'" *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). An action is frivolous only if the "result appears obvious or the arguments are wholly without merit." *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). An action is meritless if it is "groundless or without foundation" rather than simply a losing case. *Christianburg*, 434 U.S. at 421.

The strict nature of these rules "is premised on the need to avoid undercutting Congress'[s] policy of promoting vigorous prosecution of civil rights violations under . . . § 1983." *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir.1987). With that policy in mind, a district court must evaluate the reasonableness of the claim at the time the complaint was filed. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006). The Supreme Court has instructed the district courts to "resist the understandable temptation to engage in post hoc reasoning," a "kind of hindsight logic that could discourage all but the most airtight claims . . . ." *Christianburg*, 434 U.S. at 421-22. Accordingly, prevailing defendants face a high bar to recovery of fees—"even where the law or facts appear questionable or unfavorable at the outset." *Id*. at 422; *see also Hughes v. Rowe*m 449 U.S. 5, 14 (1980) (applying *Christianburg* to fee petition under § 1988).

**REPORT AND RECOMMENDATION-5**

**DISPOSITION**

In conclusory fashion, Madison County asserts that Kerbs's substantive due process claim was unreasonable, frivolous, meritless, and vexatious because Kerbs resigned his employment before the County took final action.[1] The critical defect in this argument is that it depends on a post hoc evaluation of the case. Claims that appear plausible when plead may prove deficient in light of the facts adduced in discovery. Such was the case here.

Kerbs asserted, and the Court decided, two alternative bases for his substantive due process claim. First, Kerbs alleged the County arbitrarily deprived him of a protected property interest in continued public employment, (Dkt. 1 ¶¶ 26-29), noting a lack of Ninth Circuit authority and a split among several other circuits in his summary judgment brief. Second, Kerbs claimed Madison County deprived him of a protected liberty interest he had in maintaining his good name and reputation. (Dkt. 1 ¶¶ 30-31.) In addition, Kerbs theorized that he was constructively discharged, a theory that, if proved, could have established an adverse employment action in spite of Kerbs's resignation. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 940 (9th Cir. 2009) ("[A] retirement or resignation may be involuntary and constitute a deprivation of property for purposes of a due process claim in the absence of intolerable working conditions.") These are not

---

[1] Madison County makes no specific or separate argument concerning Holly Kerb's claims in their request for attorney fees against her. Accordingly the Court deems waived any challenge to the propriety of those claims for attorney fee purposes. *See Baccei v. United States.*, 632 F.3d 1140, 1149 (9th Cir. 2011).

**REPORT AND RECOMMENDATION-6**

unreasonable or groundless interpretations of the facts alleged in the Complaint, notwithstanding the Court's finding that the evidence did not support Kerbs's theories.

Nor was an adverse decision on these theories obvious when Kerbs filed his Complaint. With regard to his property interest theory, the Court's Memorandum Decision and Order specifically notes the asserted right was not recognized in the Ninth Circuit and the facts of the case did not support the creation of such a right based on the law of other circuits. (Dkt. 25 at 15.) A plaintiff's claim is not frivolous if it raises a legal question that is not clearly answered by Ninth Circuit precedent. *Gibson v. Office of Att'y Gen.*, *State of Cal.*, 561 F.3d 920, 929 (9th Cir. 2009).

Likewise, Kerbs had a nonfrivilous basis for his liberty interest theory. Based on Kerbs's difficulty finding employment after he resigned, he could reasonably suspect that Madison County disclosed to third parties the factual basis for the personnel proceeding or for his resignation. Kerbs's Complaint was not frivolous at the time of filing simply because facts supporting public disclosure of the circumstances leading to the resignation did not emerge in discovery. While not airtight, the disclosure theory arose from a reasonable interpretation of the facts at the time of filing. *See Hughes*, 449 U.S. at 15 ("[E]ven if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.").

Madison County makes much of the fact that Kerbs's claims were subject to summary judgment. But prevailing civil rights defendants are not entitled to attorney fees merely because they prevail. Although Kerbs's claims proved weak and unavailing, they were not unreasonable, frivolous, meritless, or vexatious.

**REPORT AND RECOMMENDATION-7**

## RECOMMENATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED** that Defendants' Motion for Attorney's Fees (Dkt. 27) be **DENIED.**

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho. L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **July 25, 2014**

Honorable Candy W. Dale
United States Magistrate Judge